UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Petitioner-Appellee,

v.                                                          No. 98-6730

FREDDIE STOKELY,
Respondent-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-98-73-5-BR)

Submitted: March 9, 1999

Decided: March 24, 1999

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Robert H. Hale,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Michael D. Bredenberg,
Special Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Freddie Stokely, a federal prisoner, seeks review of a district court order granting the Government's motion to involuntarily commit him, under 18 U.S.C. § 4245 (1994), and appointing a guardian to determine on Stokely's behalf whether consent for eye surgery should be given or withheld. Stokely does not challenge the court's finding that he suffers from a mental disease, and the record is uncontradicted that he has a psychotic disorder. He contends, however, that the court erred by finding that the disease was so debilitating that he could not give informed consent to surgery and that it warranted transferring him to a psychiatric hospital against his will. Stokely argues that the primary purpose of such institutionalization will be to forcibly subject him to eye surgery, which he avers he had valid reasons to refuse.

The district court properly grants a § 4245 motion if the government proves by a preponderance of the evidence that the inmate currently suffers from a mental disease or defect requiring "custody for care or treatment in a suitable facility." United States v. Baker, 45 F.3d 837, 840 (4th Cir. 1995). The district court's determination of this issue is one of fact, which is reviewed by the appellate court under a clearly erroneous standard. See United States v. Steil, 916 F.2d 485, 487 (8th Cir. 1990). A finding is clearly erroneous when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. Commissioner, 748 F.2d 890, 895 (4th Cir. 1984).

Initially, we note that there is no medical evidence in the record suggesting that Stokely should not have been involuntarily committed. Both Stokely's treating psychiatrist and an independent psychiatrist agree that Stokely suffers from a psychotic disorder and needs treatment. Stokely offers only bald assertions that commitment is unnecessary.

2

Despite a diagnosis of retinal detachment that was threatening the vision in his right eye, Stokely refused further medical or surgical supervision. Because of his history of psychotic illness, Stokely was transferred to another prison for evaluation of his competency to make decisions about his medical care. Stokely refused to cooperate with the evaluation, refused to answer questions regarding his background, and refused medication. Stokely appeared unconcerned about his medical and mental condition and claimed that his sentence had been overturned and that he was awaiting his release within thirty days. Stokely also stated that Senator Jesse Helms sent him a letter telling him that he could receive eye surgery at Emory University. The treating doctor concluded that there was no basis in reality for Stokely's beliefs, and Stokely presented no evidence to the contrary. The doctor also concluded that, despite involuntary injections of an anti-psychotic medication, Stokely had not improved enough to offer informed consent to the surgery or make decisions regarding the treatment of his mental condition.

Based on our review of the record, we find that the record supports the district court's determination that Stokely suffers from a mental disease for which he requires custody for care or treatment in a suitable facility. The district court's order granting the Government's § 4245 motion is, therefore, affirmed. Stokely's reasons for refusing eye surgery, while potentially valid, do not provide evidence refuting the medical conclusions that Stokely is in need of psychiatric treatment. Because the guardian is bound to consider Stokely's concerns regarding his surgery in determining his best interests, we also affirm the portion of the district court's order appointing an impartial guardian. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED